UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN L. MEACHAM,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civil No. 09-6002-HA

ORDER

HAGGERTY, District Judge:

        Defendant moves to alter or amend the Judgment issued in this action reversing the Commissioner's decision and remanding this case for an award of benefits. Plaintiff opposes. For the following reasons, defendant's motion is granted in part and denied in part.

        Defendant asserts that the court committed clear error in concluding that Administrative Law Judge (ALJ) did not provide sufficient reasons for rejecting the medical opinions expressed by Dr. Robert Vandiver, a psychiatrist and the Medical Director of Linn County Mental Health.

        Defendant criticizes this court's conclusion that "[t]here is no dispute that Dr. Vandiver's opinions are well-supported by thorough clinical findings." Opinion at 11. Counsel assails this "incorrect premise," referring to the ALJ's finding that the doctor's records did not support his

1   - ORDER

opinions, and to counsel's repeated assertions that "Dr. Vandiver's opinions were *not* supported by his own mental status examination." Dft. Mem. at 3 (emphasis in original).

To the extent that the court's reasoning could be misconstrued, the motion to amend is granted with respect to this point: the court erred in declaring that there was no dispute that Dr. Vandiver's opinions are well-supported by thorough clinical findings. By this order, the Opinion is amended to state, "Although counsel and the ALJ reached different conclusions, this court concludes that Dr. Vandiver's opinions are well-supported by thorough clinical findings." The following word in the ruling ("Instead") is also omitted.

Defendant also complains that the court erred in concluding that the ALJ improperly discredited plaintiff for insufficient reasons: plaintiff's poor compliance efforts, and plaintiff's single documented request for Vicodin. This court concluded that an incident in 2005 in which plaintiff sought Vicodin "is nothing more than an example of plaintiff's fluctuating judgment and, without more, is insufficient to discount testimony provided two and three years later." Opinion at 15.

Defendant argues that even assuming that plaintiff's non-compliance was "poor judgment" and a "consequence of his impairment," as this court found, Opinion at 14, such non-compliance remains a valid basis for discrediting plaintiff's testimony. Dft.'s Mem. at 4. Counsel contends that the ALJ validly discounted plaintiff's testimony because of his poor judgment, and that a "claimant's allegations are not rendered credible simply because his impairments might cause him to do something that undermines his credibility." *Id*.

This aspect of defendant's motion is denied. This court did not, as counsel suggests, conclude that plaintiff's credibility was enhanced "simply because his impairments might cause

him to do something that undermines his credibility."  Instead, the court concluded that the ALJ's proffered reasons for discrediting plaintiff fell short of the applicable legal standards.  As counsel knows, the ALJ was legally bound to offer specific, clear and convincing reasons for discounting plaintiff's testimony.  This court's conclusion that plaintiff's poor judgment provides inadequate grounds – by itself – for discrediting plaintiff is in accordance with the applicable standards.

Finally, defendant requests that the matter be remanded for further proceedings rather than for a calculation of benefits.  This court concludes that its decision to remand for a finding of disability and an award of benefits was in accordance with applicable standards and remains appropriate.

**CONCLUSION**

Defendant's Motion to Alter or Amend the Judgment [20] is granted in part and denied in part.  The underlying Opinion and Order is vacated and re-issued to correct a contextual error criticized by defense counsel.  The remainder of the Motion is denied, and the conclusions of the prior Opinion and Order reversing the decision of the Commissioner and remanding this matter for calculation and award of DIB on behalf of plaintiff John L. Meacham is unchanged.  Plaintiff's Application for fees [23] is denied as untimely, with leave to renew.

IT IS SO ORDERED.

DATED this  20  day of September, 2010.

  /s/ ANCER L. HAGGERTY  
ANCER L. HAGGERTY  
United States District Judge

3  - ORDER