UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN L. MEACHAM,

    Plaintiff,

   v.                                      ORDER

MICHAEL J. ASTRUE,                     Civil No. 09-6002-HA
Commissioner of Social Security,

    Defendant.

HAGGERTY, District Judge:

    Counsel for plaintiff seeks an award of fees pursuant to an agreement that counsel executed with his client.  The terms of the agreement authorized payment to counsel of twenty-five percent of plaintiff's retroactive benefits award, the maximum amount allowable under applicable statutory law.

    Upon entering a judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation," not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  Such fee awards are paid from a claimant's retroactive benefits award.  *Id.*  Counsel has moved for approval of a fee award at the maximum twenty-five percent rate.

1 - ORDER

Any fee awarded will be subject to a reduction to reflect any fees counsel receives pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1] This Order proceeds to determine the fee award that is appropriate in this case.

**ANALYSIS**

Pursuant to directives from the United States Supreme Court, this court must examine a fee agreement such as the one at issue to determine whether it is permissible under applicable statutes, and also whether the fee agreement yields "reasonable results" under the circumstances. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796-807 (2002).

A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Commissioner*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). The court has a duty to review contingent-fee arrangements as an independent check and to issue an affirmative judicial finding that the fee allowed is reasonable. *Id*. (citation and internal quotation omitted); *see also Lewis v. Sec'y of Health and Human Servs.*, 707 F.2d 246, 248-50 (6th Cir. 1983) ("[r]outine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum.") (citation and internal quotation omitted).

Counsel bears the burden to establish the requested fee's reasonableness. *Gisbrecht*, 535 U.S. at 807. The four factors to be considered when evaluating the requested fee's

---

[1] A stipulated EAJA fee award of $7,275.48 was entered by Order on January 25, 2011. *See* Doc. 30.

2 - ORDER

reasonableness have been identified by the Ninth Circuit as having been derived from the *Gisbrecht* analysis:

1. the character of the representation, specifically, whether the representation was substandard;

2. the results the representative achieved;

3. any delay attributable to the attorney seeking the fee; and

4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford v. Astrue*, 586 F.3d 1151-53 (9th Cir. 2009) (citations omitted). This court must ensure that the disabled claimant is protected from having to surrender retroactive disability benefits in a disproportionate payment to counsel. *Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan,* Civil No. 07-1645-AC, 2009 WL 6067058, at *12.

> If obtaining benefits always supported awarding fees for the full twenty-five percent, it would make irrelevant the other *Gisbrecht* factors and render perfunctory the trial courts' assigned task of "making reasonableness determinations in a wide variety of contexts[.]"

*Id*. (quoting *Gisbrecht*, 535 U.S. at 808).

After examining the entire record of this matter, and considering counsel's memorandum submitted in support of his request for the maximum award of twenty-five percent of his client's past benefits, this court concludes that counsel has failed to meet his burden of showing that the highest fee permitted under the applicable statute is warranted.

3 - ORDER

Counsel's representation was not substandard. The results achieved were fully supportive of his client's interests. Counsel caused no undue delay in the prosecution of the matters. However, the request for the highest fee permitted would result in an hourly rate of $563.42 and a total award (before subtracting EAJA fees) of $19,015.50, or a full twenty-five percent of his client's retroactive benefits award of $76,062.00.

Counsel emphasizes in his memorandum in support that he undertook some risk in agreeing to represent this plaintiff on a contingency basis.[2] He asks that "proper weight be given to the fact that the statute forced him to take this case on a contingent basis." Mem. at 3.

This court declines to construe counsel's fee arrangement as a significant dilemma to be considered in determining whether to award the maximum amount permitted by law. To do so in the manner submitted is unwarranted. Counsel refers to the court's determining "what the proper rate should be for the attorney to 'make up' for the risk of non-payment." Mem. at 4 (citing *In re Wash. Public Power Supply Sys. Litig.*, 19 F.3d 1291 1299-1301 (9th Cir. 1994)). Such an approach under these circumstances would be tantamount to compelling claimants who are determined to be eligible for disability benefits to surrender to their counsel the maximum percentage of their benefits allowed simply to subsidize their counsel's work in the counsel's unsuccessful cases.

---

[2] Counsel asserts that "[i]n Social Security Court Cases, there is only a 36% chance of winning benefits for the claimant. Thus, to make up for the risk of non-payment, a contingency multiplier of 2.78 (100/36) is . . .warranted. However, as the 1998 OSB Survey establishes, typical Oregon attorneys more than make up for their contingency losses, by a factor of 17/15. Applying these multipliers to the established average rate of $238.00 per hour (2007 OSB Survey at 28), the calculation works out as follows: $238 X 2.78 X 17/15 = $749.85 per hour. This is the rate that would compensate for the risk of non-payment, and put him or her on equal footing with the average attorney outside of the Portland area who takes contingency cases." Mem. at 3 (footnote omitted).

It is true that the nature of contingency work is one element that can be fairly considered when evaluating *Crawford*'s fourth factor – whether the fee sought is in proportion to the time spent on the case and whether counsel is receiving an unwarranted windfall – and the court is mindful of the difficulty attorneys face in undertaking contingency work on behalf of Social Security claimants. Although contingency fees is one element that is considered, it does not serve as a sole basis for justifying a fee award at the maximum percentage.

A court's careful evaluation of counsel's fee request is guided by the *Gisbrecht* and *Crawford* decisions. The *Crawford* court reviewed the consolidated appeals by three plaintiff's attorneys who had executed twenty-five percent fee agreements similar to the agreement at issue here. The three counsel had each requested fees under their agreements for less than the maximum amount the agreements contemplated: one attorney sought 16.95 percent of his client's retroactive benefits, another sought 15.12 percent, and the third sought 13.94 percent. *Crawford*, 586 F.3d at 1144-46.

The Ninth Circuit overturned the lower court's conclusion that those fee requests – each well below the maximum allowable – were unreasonable. *Id*. at 1151-52. This decision was consistent with the Supreme Court's acknowledgment that "§ 406(b) calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

The court's duty to perform its "independent check" as to counsel's request for fees encompasses consideration of the contingent nature of counsel's work, as well as consideration of other elements that might suggest whether a fee award in the maximum amount allowed by law is warranted. After evaluating all the factors described in *Crawford*, the reasoning presented by the *Gisbrecht* Court, in the *Crawford* and *Dunnigan* decisions, after scrutinizing the record of

5 - ORDER

this action, as well as the work required of counsel and the success obtained by him, the court concludes that a fee award in the amount of twenty-two percent of the claimant's retroactive benefits is warranted.

**CONCLUSION**

For the reasons stated, counsel's Motion for Attorney Fees [31] is granted in part. Counsel is awarded twenty-two percent of claimant's retroactive benefits of $76,062.00. That amount totals $16,733.64 in fees. After subtracting the EAJA fee award counsel was granted totaling of $7,275.48, that final fee award is $9,458.16.

IT IS SO ORDERED.

DATED this   15   day of April, 2011.


                                                            /s/ Ancer L. Haggerty  
                                                            Ancer L. Haggerty  
                                                      United States District Judge